### FALCO v. STATE.
No. AP 77-50.

Circuit Court, Dade County, Criminal Appeal.

May 18, 1977.

Michael B. Cohen, Miami, for the appellant.

Richard E. Gerstein, State Attorney, John Durant, Assistant State Attorney for the appellee.

ALAN R. SCHWARTZ, Circuit Judge.

The sole point raised on this appeal concerns the propriety of the trial judge's denial of the defendant's motion to dismiss. That motion was solely based upon the fact that the traffic citation given by the police officer to the defendant did not conform with the provisions of F.S. §318.20 in that the citation did not contain, and did not have appended to it, a "schedule of points" and civil penalities applicable to traffic offenses.

The obvious purpose of providing such a schedule of points is to inform the defendant of the consequences of his admitting the violation and forwarding the required civil penalty, that is, the $25 fine. When, as in this case, the defendant declines voluntarily to pay the fine and chooses instead to go to trial, it is just as obvious that the failure to provide the schedule of points makes no difference whatsoever. The defect in the form of the citation thus amounts to nothing more than a mere technicality which did not affect the rights, substantial or otherwise, of the defendant and therefore should not interfere with the prosecution of the traffic offense against him. See Lackos v. State, 339 So.2d 217, 219 (Fla. 1976). Consequently, the motion to dismiss was properly denied and the judgment below is affirmed.